UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEAN S. DANESHVAR,

Plaintiff,

v.

FRANK J. BISIGNANO, et al.,

Defendants.

Case No.  24-cv-07952-PCP

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

Re: Dkt. No. 19

Plaintiff Dean S. Daneshvar, through his counsel, Harvey P. Sackett, moves for attorney's fees pursuant to 42 U.S.C. § 406(b).[1] On March 5, 2025, the Court granted the parties' stipulation to voluntarily remand Daneshvar's appeal of the Social Security Appeals Council's affirmance of an administrative law judge's (ALJ) unfavorable decision. Dkt. No. 15. That same day, the Court entered judgment in favor of Daneshvar and against the Commissioner. Dkt. No. 16. On March 21, 2025, the Court entered a stipulated order awarding attorneys' fees in the amount of $6,000.00 and costs in the amount of $405.00 under the Equal Access to Justice Act (EAJA). Dkt. No. 18. On remand, an ALJ concluded that Daneshvar was disabled and entitled to $181,963.00 in retroactive benefits from June 2021 through November 2025. The Social Security Administration withheld $45,490.75, which is 25 percent of the benefits, for the prospective payment of attorney's fees. Under § 406(b), counsel for plaintiff requests a fee of $45,000.00, of which he will reimburse Daneshvar for the $6,000.00 in EAJA fees.

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of an SSDI claimant who

---

[1] Counsel for plaintiff Daneshvar is the "real part[y] in interest" and defendant Commissioner of Social Security "has no direct financial stake…; instead, [he] plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (quoting 42 U.S.C. § 406(b)(1)(A)). Courts reviewing a request for reasonable fee shall consider "the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Here, Sackett requests $45,000.00. That amount does not exceed 25 percent of Daneshvar's total past-due benefits, which is $45,490.75 (25 percent of $181,963.00). As counsel to Daneshvar, Sackett obtained a stipulation of remand and a reversal of the Social Security Commissioner's initial denial of benefits. There is no indication of any substandard performance, delay, or benefits disproportionate to the time spent on the case. Accordingly, the Court grants the request for attorneys' fees in the amount of $45,000.00. Because an attorney who receives fees under § 406(b) and EAJA must refund to the claimant the smaller fee, Sackett shall also refund to Daneshvar the $6,000.00 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: June 25, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

2